# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

KENZI NORIS ELIZABETH SNIDER,

        Plaintiff,

v.                                       CIVIL ACTION NO. 3:07-0335

UNITED STATES; Federal Bureau of Investigation Agents
MARC DIVITTIS, and SEUNG LEE; and
United States Army Criminal Investigation
Division Agent MARK MANSFIELD,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before this Court is the United States' Motion to Dismiss and Motion to Substitute (Doc. No. 11). For the reasons mentioned below, the Court **GRANTS** the motion.

## FACTS

In 2001, Jamie Penich, an American college student was murdered while studying abroad in South Korea. Plaintiff, Kenzi Noris Elizabeth Snider, was among the people with whom Penich associated while living in South Korea. Upon returning to the United States, Plaintiff was questioned and eventually wrote a confession, stating that she had murdered Penich. Plaintiff was extradited to South Korea where she was tried and acquitted – in the trial court, by the three-judge appeals court, and by the Korean Supreme Court. The affirmation of her acquittal by the Korean Supreme Court was in January 2006.

On May 24, 2007, Plaintiff brought suit against Federal Bureau of Investigation Agent Marc Devittis ("Devittis"), United States Criminal Investigation Agent Mark F. Mansfield ("Mansfield"), Federal Bureau of Investigation Agent Seung Lee ("Lee"), and the Federal Bureau of Investigation

("FBI"). She alleged seven causes of action: 1) Fifth Amendment: coerced confession; 2) Fifth Amendment: deprivation of right to fair trial, wrongful extradition, and wrongful imprisonment; 3) Fifth Amendment: failure to intervene; 4) Fourth Amendment: false imprisonment; 5) Sixth Amendment: denial of right to counsel; 6) State Law Claim: fraudulent prosecution; 7) State Law Claim: outrage/intentional infliction of emotional distress.

On July 12, 2007, the United States filed the Motion to Dismiss and Substitute at issue. The Court will address each portion of the motion.

## DISCUSSION

In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957), previously used to evaluate complaints subject to 12(b)(6) motions. *Twombly*, 127 S. Ct. at 1969. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true, the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 1965 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 1966 (internal quotation marks and citations omitted). Two weeks after issuing its decision in *Twombly*, the Court emphasized in *Erickson v. Pardus*, 127 S. Ct. 2197 (2007), that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled

to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964 (other citations and some internal quotations omitted). Thus, "a universal standard of heightened fact pleading" is not required, rather it is "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143,157-58 (2d Cir. 2007) (italics original). It is under this revised standard that the Court will evaluate the motion at issue.

### Bivens action against FBI (Counts I-V)

The Government first argues that *Bivens* actions are not permitted against the United States or its agencies and therefore that Counts I-V of the Complaint against the FBI must be dismissed for failure to state a claim upon which relief can be granted. *FDIC v. Meyer,* 510 U.S. 471 (1994). Therefore the Court **GRANTS** the motion to dismiss and **DISMISSES** the FBI from the suit.[1]

### United States Substitution (Counts VI & VII)

The Government next contends that the state law claims for fraudulent prosecution and outrage/intentional infliction of emotional distress (Counts VI & VII) should have been brought against the United States under the Federal Tort Claims Act ("FTCA") as a result of the United States Attorney's Certification. The certification stated that Divittis, Lee, and Mansfield were acting

---

[1]With respect to Counts I-V as against the individual officers, the United States indicated in its Reply that each Defendant will address those claims individually, which Defendant Lee has done. The Court notes that Defendants Mansfield and Divittis have not filed a responsive pleading but no return of service for any Defendants has been filed by Plaintiff.

within their scope of employment as employees of the United States during the alleged negligent acts.

Plaintiff responds that this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a), as well as under the U.S. Constitution, and that this Court has jurisdiction over these claims based on supplemental jurisdiction under 28 U.S.C. § 1367(a). Plaintiff urges that Counts VI and VII state claims under the same set of circumstances as Counts I-V – namely, "Defendants' coercive interrogation of Plaintiff and the deprivation of her Constitutional rights which resulted directly from that illegal coercion." Pl. Response to U.S. Mot. to Dismiss and Substitute, p. 6-7. Additionally, Plaintiff argues that the state law claims do not predominate over the entire action and that there are no compelling reasons for the Court to decline jurisdiction. For these reasons, supplemental jurisdiction is appropriate; Plaintiff adamantly states that the claims were not brought under the FTCA.

The Fourth Circuit has made clear that the plaintiff must refute the certification of scope of employment and prove by a preponderance of the evidence that the individuals were not acting within the scope of employment. *Maron v. United States*, 126 F.3d 317 (4th Cir. 1997). Plaintiff here did not contest the certification, so the Court accepts that the employees were acting within the scope of employment.

The United States Supreme Court recently summarized the procedure for tortious claims against government employees in *Osborn v. Haley*. 127 S.Ct. 881 (2007). The Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA") gives federal employees absolute immunity from common law tort claims for actions taken in the course of their official duties. *Id.* at 887 *citing* 28 U.S.C. § 2679(b)(1). "When a federal employee is sued for wrongful or negligent

conduct" the Attorney General, or a U.S. Attorney acting on behalf of the Attorney General, can "certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id.* at 887-88 *quoting* 28 U.S.C. § 2679(d)(1),(2). After the Attorney General so certifies, "the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Id.* at 888. Most importantly, "[t]he litigation is thereafter governed by the Federal Tort Claims Act." *Id.* Or, as worded by the Fourth Circuit, "the plaintiff's sole route for recovery is the Tort Claims Act."[2] *Maron*, 126 F.3d at 321.

Thus, although Plaintiff did not bring the claims for fraudulent prosecution and intentional infliction of emotional distress under the FTCA, the common law tort claims are effectively converted into claims under the FTCA. The federal employees have absolute immunity for the actions allegedly taken while they were performing official duties. Since the U.S. Attorney certified that they were acting in their scope of employment, the employees are dismissed from the action and the United States must be substituted as defendant for Counts VI and VII.

Despite the mandatory substitution, the U.S. may still be immune from suit for these causes of action. "Subject to certain exceptions, the FTCA permits a person injured by a Government employee acting within the scope of his or her employment to seek tort damages against the Government." *United States v. Smith*, 499 U.S. 160, 162 (1991). Under these exceptions, the U.S. has not waived its immunity and cannot be sued. *See* 28 U.S.C. § 2680. In cases "where the United

---

[2]There are exceptions to this rule that the FTCA is the exclusive remedy. 28 U.S.C. § 2679(b)(2) provides that the FTCA is "not the exclusive remedy for torts committed by Government employees in the scope of their employment when an injured plaintiff brings: (1) a *Bivens* action seeking damages for a constitutional violation by a Government employee; or (2) an action under a federal statute that authorizes recovery against a Government employee." *U.S. v. Smith*, 499 U.S. 160, 166-167 (1991); 28 U.S.C. § 2679(b)(2). The claims in Count VI and VII do not fall within either, so these exceptions are not applicable in this case.

States has not waived its immunity, the United States must still be substituted and the individual defendant still remains immune from suit if the tort occurred within the scope of employment. The plaintiff, despite the seeming unfairness, cannot proceed against the individual defendants." *Maron,* 126 F.3d at 321-22. As the Supreme Court noted, the language of the statute makes it clear "that Congress recognized that the required substitution of the United States as the defendant in tort suits filed against Government employees would sometimes foreclose a tort plaintiff's recovery altogether." *Smith*, 499 U.S. at 166.

One of the exceptions for which the United States has not waived its immunity is in cases that arise in a foreign country. *See* 28 U.S.C. § 2680(k). In their motion, the United States asserts that the torts here occurred in Korea, and therefore the exception applies such that the United States is absolutely immune from suit. The first state claim for fraudulent prosecution alleges that the Defendant Agents "initiated and continued a fraudulent prosecution without probable cause" against Plaintiff, made statements supporting her alleged culpability while knowing that the statements were based on a coerced confession, and that these malicious actions ultimately resulted in an acquittal in Plaintiff's favor. Complaint, p. 20. While the prosecution itself took place in Korea, the initiation of the prosecution began in the United States when Plaintiff was questioned, allegedly forced to confess, and extradited. The claim did not "arise in a foreign country" such that the United States is immune under 28 U.S.C. § 2680(k).

Like the cause of action for fraudulent prosecution, Count VII for outrage/intentional infliction of emotional distress did not occur in Korea. The complaint specifies that the defendants fabricated a story in an effort to solve a crime, causing severe emotional distress to Plaintiff. Complaint, p. 21. These alleged actions took place while the defendants were questioning the

plaintiff – which took place in the United States. Thus the exception under 28 U.S.C. 2680(k) does not apply. Despite the fact that the United States is not immune from this Count, the cause of action is still subject to dismissal based on the exhaustion requirement.

        **Time & Exhaustion Requirements (Counts VI & VII)**

The Government's final argument is that the Court does not have subject matter jurisdiction because the claims in Counts VI and VII are time barred and plaintiff did not exhaust the administrative remedies first. Also, the Government argues that Plaintiff cannot prevail on the claims because the pleadings are insufficient. In her response, Plaintiff acknowledges that she did not adhere to the administrative requirements necessary to file a claim under the FTCA. Pl. Response to U.S. Mot. To Dismiss & Substitute, p. 8, n. 4; *see* 28 U.S.C. § 2675(a).

As stated by the United States Supreme Court, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). In a Fourth Circuit case in which the plaintiffs filed suit prior to a final judgment on their administrative claim, the Court noted that § 2675(a) requires either the claim be denied by the agency or that a six month period of time elapse prior to filing suit. *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); 28 U.S.C. § 2675(a). The Court held that because this final denial or time period did not elapse, "the district court was required at that point to dismiss for lack of jurisdiction." *Id.* The Court also noted that "the requirement of the filing of a claim by 28 U.S.C. § 2675(a) was 'jurisdictional and may not be waived.'" *Id. quoting Henderson v. United States,* 785 F.2d 121, 123 (4th Cir. 1986). "The justification for the strict enforcement of such statutes waiving statutory immunity. . . is because the right to sue the government exists only by virtue of § 2675, which fixes the terms and conditions on which suit may be instituted." *Id.*

Therefore, it is clear that this Court does not have jurisdiction over Counts VI and VII because Plaintiff has not exhausted the administrative remedies. Since the Court does not have jurisdiction, it also does not have the authority to stay the proceedings so Plaintiff can exhaust the adminsitrative remedies, as Plaintiff requests in a footnote of her Response. Pl. Response to U.S. Mot. To Dismiss & Substitute, p. 8, n. 4. For this reason, the Court need not address the statute of limitations issue or the failure to plead a plausible claim. The Court **GRANTS** the Motion to Dismiss for lack of subject matter jurisdiction both Counts VI and VII; those claims are **DISMISSED without prejudice.**

## CONCLUSION

For the reasons above, the Court **GRANTS** the motion. Specifically, the Court **GRANTS** the United States' Motion to Dismiss and **DISMISSES** the FBI from the suit. The Court also **GRANTS** the United States' Motion for Substitution for Counts VI and VII, thereby replacing the individually named officers with the United States as Defendant for those claims. The Court then **GRANTS** the United States' Motion to Dismiss Count VI for fraudulent prosecution and Count VII for outrage/intentional infliction of emotional distress and **DISMISSES** those counts for failure to exhaust the administrative remedies.

The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

ENTER: February 6, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE